UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JACINTO SANTANA,

                Petitioner,

                v.

UNITED STATES OF AMERICA,

                Respondent.

04 Civ. 7853 (SCR)(GAY)

ORDER ACCEPTING REPORT AND RECOMMENDATION

---

STEPHEN C. ROBINSON, District Judge:

      This case was referred to Magistrate Judge George A. Yanthis for issuance of a Report and Recommendation. *Pro se* petitioner Jacinto Santana ("Petitioner"), seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255 on the grounds that he received ineffective assistance of appellate counsel and that his sentence was unconstitutional. For the reasons set forth below, this Court affirms Judge Yanthis's Report and Recommendation denying Petitioner's application.

I.      BACKGROUND

      In December 1989, Petitioner was indicted on one count of possession with intent to distribute approximately two kilograms of cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B) and 845a(a). On December 23, 1989, Petitioner pled not guilty and was released on bail. He failed to appear in court for his March 1990 trial date, and a bench warrant was issued for his arrest. In June 1993, Petitioner was indicted for failing to appear before the court as a condition of his release in violation of 18 U.S.C. §§ 3146(a)(1) and 3146(b)(1)(A)(i). Petitioner was apprehended in September 2002, over 12 years after missing his initial trial date.

Petitioner pled guilty to both indictments in May 2003, and Judge John S. Martin sentenced Petitioner to two concurrent terms of 57 months of imprisonment followed by concurrent terms of supervised release of eight years for the drug conviction and three years for the failure-to-appear conviction.

Counsel filed two notices of appeal, one for each conviction, which were consolidated at Petitioner's counsel's request by an order of the Second Circuit dated December 9, 2003. Petitioner's counsel did not raise any argument in his supporting brief regarding Petitioner's failure-to-appear conviction. Rather, the brief focused on the district court's denial of Petitioner's motion for an offense level reduction when calculating Petitioner's sentence. The Second Circuit affirmed the decision of the district court on March 24, 2004, and concluded that Petitioner waived any claim regarding the failure-to-appear conviction. *United States v. Santana*, 91 Fed. Appx. 191 (2d Cir. 2004). Petitioner did not appeal this decision to the Supreme Court.

II.   STANDARD OF REVIEW

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted). *See also Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991) (court may accept report if it is "not facially erroneous"). Since Petitioner in the instant case made a timely objection to the Report and Recommendation, this Court is required to make a *de novo* determination as to the aspects of the Report and Recommendation to which objections were made. 28 U.S.C. § 636(b)(1); *United*

*States v. Raddatz*, 447 U.S. 667, 673-74 (1980); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

Petitioner objects to the report and recommendation inasmuch as it denies his ineffective assistance of counsel claim.  This court will review this claim *de novo*.  As there was no objection beyond that, Judge Yanthis's report and recommendation regarding Petitioner's sentencing claim will be reviewed for clear error.

III. DISCUSSION

A. Ineffective Assistance of Counsel

Petitioner claims he was denied effective assistance of counsel because his counsel failed to raise any argument on appeal regarding his failure-to-appear conviction.  A successful ineffective assistance of counsel claim must demonstrate that the attorney's performance "fell below an objective standard of reasonableness" and that there is a reasonable probability that, but for counsel's error, "the result of the proceeding would have been different."  *Strickland v. Washington*, 466 U.S. 668, 694 (1984); s*ee also Abdurrahman v. Henderson,* 897 F.2d 71, 74 (2d Cir. 1990) (applying *Strickland* to claims for ineffective assistance of appellate counsel).

Appellate counsel is not required to raise every claim, but instead "may select from among them in order to maximize the likelihood of success on appeal."  *Smith v. Robbins*, 528 U.S. 259, 288 (2000).  The constitutional right to effective assistance of counsel does not compel appointed counsel to raise every nonfrivolous issue requested by the defendant – it allows appellate counsel to use his or her professional judgment to decide which issues merit presentation to the court.  *See Jones v. Barnes*, 463 U.S. 745, 751-52 (1983).  Petitioner may, however, establish an ineffective assistance claim if appellate counsel "omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker."  *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994).

3

Petitioner's ineffective assistance claim fails both prongs of the *Strickland* standard. Petitioner does little more than argue that his counsel should have appealed the failure-to-appear conviction. He voluntarily pled guilty to the failure-to-appear charge, has not provided a ground on which his counsel could have challenged the plea, and has not shown that the proposed challenge to the failure-to-appear conviction is a "significant and obvious issue." As such, it was not unreasonable that Petitioner's counsel chose to focus exclusively on the stronger sentencing claim. Furthermore, Petitioner has not alleged how the failure to raise a challenge to the failure-to-appear conviction has prejudiced him to the extent necessary to satisfy the second prong of the *Strickland* standard. As such, his application for writ of habeas corpus based on ineffective assistance of counsel is denied.

B.   Sentencing

When imposing sentence on Petitioner in September 2003, Judge Martin increased Petitioner's offense level under the Sentencing Guidelines – he added a two-level increase because Petitioner possessed cocaine with intent to distribute it within one thousand feet of a public school, *see* U.S.S.G. § 2D1.2(a)(1), and added a two-level increase for obstruction of justice pursuant to U.S.S.G. §§ 3D1.2(c) and 3C1.1. Petitioner argues that he should be re-sentenced because the four-level enhancement was based upon facts that should have been proven beyond a reasonable doubt under *Blakely v. Washington*, 542 U.S. 296 (2004). Judge Yanthis found that *Blakely* does not support Petitioner's argument, and that *United States v. Booker*, 543 U.S. 220 (2005), on which Petitioner's argument ought to rely, does not apply retroactively to Petitioner's case.

The Supreme Court extended its decision in *Blakely* to the federal Sentencing Guidelines in *Booker*, which requires that "any fact (other than a prior conviction) necessary to support a sentence exceeding the maximum authorized by the facts established by a guilty plea" be proven to a jury

beyond a reasonable doubt. *See Booker*, 543 U.S. at 244. This Circuit, however, has not applied *Booker* retroactively to cases on collateral review where the defendant's conviction was final as of January 12, 2005. *See Guzman v. United States*, 404 F.3d 139 (2d Cir. 2005). Petitioner's conviction became final on June 24, 2004, the date his right to file a petition for writ of certiorari expired. *See Clay v. United States*, 537 U.S. 522 (2003); *Green v. United States*, 260 F.3d 78 (2d Cir. 2001). Therefore, *Booker* does not apply to Petitioner's sentencing. Judge Yanthis's recommendation was not erroneous, and Petitioner's application for a writ of habeas corpus based on his sentencing is denied.

IV.    CONCLUSION

Based on the foregoing, Judge Yanthis's well-reasoned Report and Recommendation is affirmed and Petitioner's petition for a writ of habeas corpus is DENIED.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See Lozada v. United States*, 107 F.3d 1011, 1016-17 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255, 259-60 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444 (1962).

The Clerk of the Court is directed to close this case.

Dated: February 7, 2007
White Plains, New York

Stephen C. Robinson
United States District Judge